IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CV-100-FL

| | | |
|---|---|---|
| TORRICK JOHNTRELLE RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| CARL MASSEY, | ) | |
| | ) | |
| Defendant. | ) | |

This pro se case, in which plaintiff is proceeding *in forma pauperis* (*see* D.E. 6), is before the court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). It was referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, it will be recommended that this case be dismissed.

**Discussion**

In a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must

weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

In his complaint, plaintiff alleges that on 24 November 2011 defendant, a worker with Waste Industries, LLC ("Waste Industries"[1]) violated his Fourth Amendment rights by illegally coming into his yard, taking his trash, and giving it to law enforcement to search, all while acting under color of state law. (Compl. 2). He further alleges that defendant's action resulted in the loss of his small business, freedom, and family, and caused him stress and emotional pain. (*Id.* at 2, 3). He seeks compensatory damages of $10 million. (*Id.* at 3). The court deems plaintiff to be asserting a claim under 42 U.S.C. § 1983 based on the alleged Fourth Amendment violation.

The complaint fails to state a claim upon which relief can be granted based upon this court's ruling in a virtually identical case brought by plaintiff against Waste Industries arising from the 24 November 2011 search of his garbage. Dismissal Order (D.E. 29), *Torrick Johntrelle Rodgers v. Waste Industries, Inc.*, No. 4:12-CV-294-FL, 2013 WL 4460265, at *2 (E.D.N.C. 19 Aug. 2013), *adopting*, Mem. & Recommendation (D.E. 25), 2013 WL 4460265 (24 June 2013). The court there dismissed the case for failure to state a claim, in part, because "plaintiff failed to allege any harm resulting from the alleged Fourth Amendment violation." *Id.* at 3. Plaintiff seeks the same relief here that he did in the *Waste Industries* case. (*Compare* Compl. 2, 3 *with* Compl. (D.E. 1-1) 3, 4, *Rodgers v. Waste Industries, Inc.*). As explained in the Dismissal Order, "[t]his court previously determined, in plaintiff's criminal proceeding, that even excluding information obtained from the search conducted November 24, 2010, there was sufficient evidence to support issuance of the search warrant in plaintiff's criminal case."

---

[1] "Waste Industries" refers to the company for which defendant allegedly worked, irrespective of the corporate designation used by plaintiff to identify it (*i.e.*, "LLC," as in the instant case, or "Incorporated," as in the prior case against it discussed below).

Dismissal Order, 2013 WL 4460265, at *2 (citing *United States v. Rogers*, No. 4:11-CR-87-FL, 2012 WL 381705 at *4 (E.D.N.C. 6 Feb. 2012)).

The court also dismissed the *Waste Industries* case on the grounds that "where plaintiff has pled guilty in his criminal case to the charges against him, and where his conviction has not been invalidated, a § 1983 action does not provide a proper avenue for obtaining civil money damages arising from conduct allegedly leading to his conviction," citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Dismissal Order 3-4, 2013 WL 4460265, at *2. This additional ground is fully applicable in the instant case as well.

## Conclusion

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 14 January 2014 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 31st day of December 2013.

James E. Gates
United States Magistrate Judge