IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:13-CV-100-FL

| | | |
|---|---|---|
| TORRICK JOHNTRELLE RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CARL MASSEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of

Magistrate Judge James E Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b),

wherein it is recommended that the court dismiss the case upon frivolity review under 28 U.S.C. §

1915(e)(2)(B). No objections to the M&R have been filed. In this posture, the issues raised are ripe

for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge

and dismisses the complaint.

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which

specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the

court reviews only for "clear error," and need not give any explanation for adopting the M&R.

Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718

F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1).

Plaintiff filed a pro se complaint on April 15, 2013, amended May 9, 2013, alleging that defendant violated his Fourth Amendment rights when he removed a trash can from his yard on November 24, 2010 on behalf of the Farmville Police Department. After the trash can was removed from plaintiff's property, law enforcement searched the garbage for evidence of unlawful activity. As a result, plaintiff alleges he lost his freedom as well as his family and small business. (Id. at 3). Plaintiff seeks ten million dollars in compensatory damages for stress, emotional pain, and financial loss.

The magistrate judge recommends dismissing the complaint for failure to state a claim because, among other grounds, it fails to allege any harm resulting from the alleged Fourth Amendment violation because this court has already determined that, even without the information obtained from the search conducted November 24, 2010, there was sufficient evidence to support issuance of a subsequent search warrant in plaintiff's criminal case. (M&R 2).

Where plaintiff does not object to this ground for dismissal set forth in the M&R, the court reviews this determination for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "[U]nless the § 1983 plaintiff can point to a constitutional injury caused by the [alleged violation of rights], no § 1983 remedy will lie." Jean v. Collins, 221 F.3d 656, 660 (4th Cir. 2000). This court previously determined, in plaintiff's criminal proceeding, that even excluding information obtained from the search conducted November 24, 2010, there was sufficient evidence to support issuance of the search warrant in plaintiff's criminal case. United States v. Rogers, No. 4:11-CR-87-FL, 2012 WL 381705 *4 (E.D.N.C. Feb. 6, 2012). Thus plaintiff thus has failed to establish that the allegedly unlawful search conducted November 24, 2010, resulted his loss of freedom. Accordingly, plaintiff's complaint must be dismissed on this ground.

2

**CONCLUSION**

Upon considered reviewed of the M&R and the record generally, the court ADOPTS the findings and recommendations of the magistrate judge in full. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to close this case.

SO ORDERED, this the 23rd day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge